## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BRAMBLE,** | : | **Civil No. 4:20-CV-2394** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

This is a civil rights action brought by John Bramble, an inmate who is incarcerated in the Delaware Department of Corrections but for a period of time was housed in the Pennsylvania Department of Corrections. This transfer from Delaware DOC to Pennsylvania DOC stemmed from an incident in a Delaware prison in which a riot occurred and a correctional officer was killed. Bramble was charged in connection with this riot but ultimately was not convicted.

Bramble's complaint alleges that while he was incarcerated in the Pennsylvania DOC, he was placed on the Restricted Release List ("RRL") and housed in Administrative Custody. (Doc. 1, ¶¶ 2-4). Bramble asserts claims pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights by subjecting him to administrative custody and

1

retaliating against him for filing grievances. He also asserts civil conspiracy claims against the defendants.

Bramble has now filed a motion to compel discovery. (Doc. 47). In his motion, he asserts six requests that he claims have not been adequately responded to by the defendants. On this score, Bramble requests: (1) a copy of the transfer contract between Delaware DOC and Pennsylvania DOC; (2) his entire prison record, including documents regarding his classification and housing; (3) regulations and policies pertaining to the RRL; (4) regulations, policies, and guidelines regarding prisoner classification for the RRL; (5) copies of vote sheets and related documents related to Bramble's placement on the RRL; and (6) policies and regulations regarding the treatment of prisoners and long term solitary confinement. (Doc. 47, at 1-2). For their part, the defendants have responded to this motion and assert that the plaintiff was given many of the policies he has requested, as well as emails related to his placement on the RRL. For the remainder of the requests, the defendants contend that these documents cannot be produced due to legitimate safety and security reasons. (Doc. 51).

After consideration, we agree that much of the information requested by Bramble poses legitimate security concerns for the DOC. Thus, his requests for his entire prisoner file, as well as documents regarding prisoner classification and vote sheets will be denied. In addition, his requests for the contract between Delaware

DOC and Pennsylvania DOC, as well as policies related to administrative custody will be denied, as the defendants have already produced these policies and Bramble has a copy of the contract. Further, the plaintiff has conceded that he does not need policies and regulations regarding the treatment of prisoners and long-term solitary confinement. (Doc. 48, at 8). However, with respect to the request for his prison file, the defendants have suggested that a narrower request may yield some additional documents that they are able to produce. Accordingly, the plaintiff will be permitted to narrow this request for specific documents that the Pennsylvania DOC may be able to produce.

## II.   <u>Discussion</u>

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, the scope of what type of discovery may be compelled is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding motions to compel are "committed to the sound discretion of the district court." <u>DiGregorio v. First Rediscount Corp.</u>, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. <u>See</u> <u>Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.</u>, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J. 1996); <u>see also</u> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45

4

(N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than *de novo* standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. Therefore, valid claims of relevance, privilege, and proportionality cabin and restrict the court's discretion in ruling on discovery issues. A party seeking discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Applying these principles, we turn to the dispute embodied in this motion to compel. As we have noted, Bramble seeks policies and regulations from the DOC

regarding the RRL and Administrative Custody, as well as a copy of the transfer contract between Delaware DOC and Pennsylvania DOC. However, the defendants have provided copies of these documents and policies to the plaintiff. On this score, in their responses to the plaintiff's discovery requests, the defendants attached a copy of DC-ADM 802, which deals with Administrative Custody procedures. (Doc. 51-1).[1] Additionally, the plaintiff has a copy of the transfer contract, as evidenced by the fact that he attached it to a prior filing in this case. (See Doc. 41, at 5-23). Accordingly, we find that these three requests have been adequately responded to by the defendants, and we will deny the motion to compel with respect to these requests.

As for the plaintiff's request for the votes and vote sheets pertaining to his initial and continued placement on the RRL, as well as the request for his entire prisoner file, we find that there are legitimate security concerns that prohibit the wholesale production of this information. Accordingly, we will deny the motion to compel these documents.

First, with respect to the votes and vote sheets, the defendants contend that these documents contain confidential deliberations, mental impressions, and opinions of staff, as well as other sensitive information about the inmate that is used to fully

---

[1] While Bramble contends that this policy is insufficient to meet his needs regarding the information about the Restrict Release List, the policy does in fact detail the criteria for placing an inmate on the RRL, as well as the procedure used to place an inmate on the RRL or release an inmate from the RRL. See DC-ADM 802, § 1(C) (https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx).

inform those making a decision about the inmate's placement on RRL. (Doc. 51, at 13-14). They argue that this information is vital to ensure the proper and safe classification of inmates. Thus, the defendants contend that the vote sheets and votes are protected by the deliberative process privilege.

The deliberative process privilege allows the government to withhold documents "containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" Redland Soccer Club, Inc. v. Dep't of Army of United States, 55 F.3d 827, 853 (3d Cir. 1995) (citations omitted). In order to invoke this privilege, "the head of the governmental body must (1) personally review the purported privileged documents; (2) identify and specifically describe the documents; and (3) give 'precise and certain reasons,' usually through an affidavit, for the privilege's applicability." Beckwith v. Blair Cty., 2019 WL 343248, at *6 (W.D. Pa. Jan. 28, 2019) (quoting United States v. O'Neill, 619 F.2d 222, 226 (3d Cir. 1980)).

The defendants have attached the declaration of former Secretary Wetzel, which details the security concerns of the DOC with respect to these documents. (Doc. 52-1). In his declaration, Secretary Wetzel represents that RRL records include information about the inmate's security classification, substance abuse and mental health history, programming needs, and behavioral adjustments. (Id., ¶ 28). The vote sheets also detail the reasons for RRL classification, which if disseminated, could

result in inmates manipulating their behaviors to obtain release from the RRL. (Id., ¶ 31(a)). The declaration also contends that release of a vote sheet may result in harassment or threats in retaliation for a staff member's vote to place an inmate on the RRL. (Id., ¶ 31(b)).

On this score, courts have declined to compel production of prison vote sheets because the release of this information poses a legitimate security concern for the institution. See Naranjo v. T. Walter, 2021 WL 4226062, at * 5 (M.D. Pa. Sept. 16, 2021) (finding that the deliberative process privilege applied and denying a motion to compel vote sheets); Walker v. Regan, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019) (declining to compel production of vote sheets because they "are quintessential examples of documents protected by the deliberative process privilege"); Mearin v. Folino, 2012 WL 4378184, at *4 (W.D. Pa. Sept. 24, 2012) (denying a motion to compel DC-46 vote sheets because the vote sheets, and "particularly the names of staff members who signed them, are privileged and confidential"). Here, we find that the legitimate security concerns of the DOC outweigh any relevance that these documents have to Bramble's constitutional claims, and thus, we will decline to compel these documents.

In the same vein, we will not order the wholesale production of the plaintiff's prison record. At the outset, we note that to the extent the plaintiff is requesting records from Delaware DOC, this entity is not named as a defendant, and the

Pennsylvania DOC has stated that it is not authorized to release records from the Delaware DOC. (Doc. 51, at 7-8). Moreover, this request is overly broad, as the plaintiff fails to identify specific documents that are relevant to his claims. On this score, the defendants have produced documentation in the form of an email chain relating to the plaintiff's transfer to the Pennsylvania DOC. (Id., at 9). In addition, the defendants have posited that there may be some additional documentation they can produce if the plaintiff makes a narrower, more specific request for documents.

Accordingly, we will deny the plaintiff's motion to compel production of his entire prison file. However, we will permit the plaintiff to make a narrower, more specific request for documents in his prison file that he believes may be relevant to his constitutional claims in this litigation and that the Pennsylvania DOC is able to produce.

An appropriate order follows.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

December 15, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN BRAMBLE, | : | Civil No. 4:20-CV-2394 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| JOHN WETZEL, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW this 15th day of December 2021, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED THAT the plaintiff's motion to compel (Doc. 47) is DENIED without prejudice to the plaintiff making a narrower, more specific request as it relates to his request for documents in his prison record that he believes may be relevant to his constitutional claims in this litigation.

_s/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge